No. 17844—Charles E. Marqua v. Carolyn P. Martin. Error to the Court of Appeals of Hamilton county.

**231. LANDLORD AND TENANT.**

Owner of building out of possession and control not liable to persons on the premises, invitees of the lessee.

**341. STATUTES.**

Language of a codified section construed by meaning of words used regardless of the prior statute—12578 GC., so far as provisions apply to one who constructs a building, limited by the succeeding fourteen sections.

**MATTHIAS, J.**

1. The owner of a building, out of possession and control, is not liable to persons upon the premises by invitation of the lessee thereof for injuries resulting from the physical condition of such premises, unless such liability is imposed by contract or statute.

2. Although there is a presumption, where a statute has undergone revision and consolidation by codification, that the construction thereof will be the same as prior thereto, yet, where the language of the revised statute is plain and unambiguous, it must be given the meaning and effect required by the plain and ordinary significance of the words used whatever may have been the language of the prior statute.

3. The scope and effect of the provisions of Section 12578, General Code, so far as they apply to

one who constructs a building such as therein described, are limited by the requirements prescribed by the fourteen sections of the General Code next succeeding said Section 12578, General Code.

Judgment reversed.

Marshall, C. J., Robinson and Jones, JJ., concur.

---

No. 17861—Miles R. Perkins et al v. J. W. Bright et al. Error to the Court of Appeals of Belmont county. (Filed in Supreme Court, Feb. 15, 1923.)

**328. SCHOOLS.**

Bids for constructing schoolhouses which separately state labor and materials, violate 7623 GC. and are void (216)—Injunction will lie at instance of taxpayer to restrain acceptance of.

**DAY, J.**

A bid for the erection of a schoolhouse costing more than $500, which separately states the labor and material and the total thereof at the same amount, is in violation of paragraphs 5, 6 and 7 of Section 7623, General Code, and is void. An injunction will lie at the instance of a taxpayer, restraining the board of education from accepting such bid and entering into a contract thereon.

Judgment affirmed.

Marshall, C. J., Wanamaker, Robinson, Jones, Matthias and Allen, JJ., concur.

---

